So Ms. Smith, you have reserved 2 minutes for rebuttal. That gives you 8 minutes out of the gate. Just give me 1 second. Alright, you may proceed. Good morning. Robin Smith for Appellant. Appellant's sole argument on appeal is regarding his term of supervised release that he is prohibited from possessing or using firearms, which is based upon 18 U.S.C. 922 G.1, which prohibits felons from possessing or using firearms in general. So I'm going to mostly address the constitutionality of 922 G.1, which I mentioned in my reply brief. Even the government admits is in question right now. But I guess before we do that, maybe we could just focus on the fact that there was no objection below. And so the standard here would be plain error, right? I would argue that it's a matter of law and would therefore be considered de novo by the court. Well, but as we said yesterday, because we had virtually the identical case in a way, this one is easier because of a link between guns and your client today is greater than the one, the link yesterday. So first, are we not bound by whatever we do yesterday? And second, isn't the question that since this occurred when he was on supervised release, and the question of whether somebody on supervised release is on the same, is controlled in the same way as somebody who is not is uncertain. Why isn't that clearly covered by plain error? That is, plain error requires something to be certain, and that's something on which the circuits seem to be split. I agree. That's why I'm claiming that de novo review applies instead as an issue of law. I'm just going to start with Rahimi, because the government relies heavily on the language in Bruin, Heller, and McDonald, that the Second Amendment only applies to law-abiding citizens. And the government in many cases relies upon that language. We would call it dicta. The government doesn't want to admit it's dicta. But in Rahimi, the majority opinion did not qualify the Second Amendment right with the term law-abiding, and our position is that that omission is crucial because it signals to the courts that it's not, it's willing to consider whether the Second Amendment right might be, might no longer be only restricted to, quote, law-abiding citizens. And it makes sense because people who are called felons could have 40-year-old convictions, they could be welfare fraud people, or they could span all the way to violent criminals. And because the Second Amendment is a constitutional right, all constitutional right restrictions must be narrowly tailored. And clearly when you have someone with a 40, 50... But if you're arguing that this is unconstitutional throughout, don't you have to argue that there is no situation where it would be valid? Yes. What you're not saying is applied. And in the case of your client, it's not an old thing. I mean, you know, he's a sad case. All sorts of terrible things have happened to him. On the other hand, he did use guns with extraordinary frequency and recently. That's correct, Your Honor. I agree it is one of the more difficult cases. I can't deny that. But I did want to focus on the lack of language in Rahimi. And then what Rahimi analyzed the founding era laws at the time as required by Bruin. And there were two categories of laws that the Supreme Court found analogous to 922 G8, I believe it. Yes, G8, which precluded people who are subject to a domestic violence protection order from possessing guns. And the analogy was that the founding era laws that were in place were based upon specific findings about individuals who were found to be dangerous. And otherwise, there is a dearth of founding era analogs regarding felons. So our position is that it is an open question. Plain error would be hard to achieve, admittedly. But what's the reason that this argument couldn't have been made previously? Second Amendment isn't new. Heller's been around for a while. Bruin came a little later. But, I mean, certainly people made these arguments, got traction eventually. But so what prevented your client from making this at the time of his sentencing and then afterwards? The only thing I could argue would be an effective assistance because Bruin was decided before he was sentenced. So there was a cognizable claim at that time. The standards in, I think that attorneys, the standards, the standard conditions of supervised release seem to be just a granted condition. But, fortunately, now we're looking at them. But you're not making before us now an ineffective assistance of counsel claim. That's correct. Now, Ms. Smith, this is Judge Kobanis. Good morning. Good morning. You're appealing only the supervised release portion of this sentence. Is that right? That's correct. Why should your client care, frankly, other than presumably trying to address some unsettled question of law? He seems to be a legal scholar of some kind. He's concerned about what is going to happen after he has served 200 months of imprisonment. Is that right? Yeah, I think that's another reason why supervised release has not been addressed as frequently by defense attorneys who are standing with their client for sentence. I think it's the most big concern is what term of incarceration are they going to get? And that's the main issue. So we gloss over. I assume you've discussed this with your client. He knows that you filed this appeal and you're appealing only the supervised release portion of the sentence. Yes, yes. There was a waiver. And he's greatly concerned about his supervised release term. Is that it? He didn't object to the claim, Your Honor. Yeah, sorry. If there are no further questions, I'll rely on the brief. Thank you. Thank you. You have two minutes for rebuttal. Very well. We'll now hear from Mr. Wren. Good morning. May it please the court. I am Nathan Wren, and I'm representing the government in this case. I just want to make a few quick points in response to some of the arguments we've just heard, starting with this issue of plain error. This case is governed by plain error review. This court has held that an objected-to term of supervised release is subject to abuse of discretion review. But, of course, that includes de novo review as to an issue of law. But if the condition is not objected to at the time of sentencing, then review is for plain error. And the case for that would be United States v. Dukes, which we cite in our brief at 513 F. 3rd at 343. And the district court did not commit plain error by failing to rule sua sponte that the standard condition of supervised release barring possession of firearms is a violation of the Second Amendment. There's no Supreme Court case that so holds. There's certainly no Second Circuit case that so holds. In fact, we've been – Well, there's likely to be. The issue has been teed up in the Second Circuit, right? As to the condition of supervised release, that issue has not been – you know, this is one of the first cases. The 922G. The 922G issue has been. But the court doesn't even need to reach the 922G issue to conclude that regardless of the constitutionality of 922G, a term of supervised release during the period where the defendant is under court supervision following conviction for a felony does not violate the Second Amendment to impose a prohibition on firearms during that term. And on that issue, there is no decision of the Supreme Court, no decision of our court, and the circuits seem to be split to the extent they've talked about it at all. In fact, Your Honor, we aren't aware of any circuit or even district court that has ruled in favor of a defendant on the supervised release term issue. So that the one thing we can say is if it was error, which it may or may not be, but it certainly cannot be plain error. That's correct, Your Honor. There's no precedent in any federal court of which the government is aware, and certainly the appellant has not cited any, holding that this condition of supervised release violates the Second Amendment. So that's the most straightforward way to resolve this appeal. There simply cannot be plain error in this case. The second thing we would say is that if the court were to consider the 922G1 question, as we explained in our brief, that question is actually resolved by this circuit's precedent in Bogle. And it is not the case that there is a Supreme Court decision that abrogates Bogle. On the contrary, the Supreme Court's most recent decision regarding the Second Amendment was in the Rahimi case. And in the Rahimi case, the Supreme Court said that prohibitions on felon possession of firearms are presumptively lawful. And I don't think there's a way— But if we get into that, we get into a very long queue of other cases that are dealing with it, don't we? In this circuit, that issue has certainly been teed up in a number of pending appeals as to the constitutionality of 922G1. So if you wanted to get into that, you'd become number 29 or whatever in a queue. That's correct, Your Honor. But I just think it's important to recognize that there is circuit precedent on that point. And if this panel follows that circuit precedent, it certainly follows if a lifetime statutory ban on felon possession of firearms is constitutional, it certainly follows that a term of supervised release imposing a ban on firearm possession during the period of court supervision is certainly constitutional. And then just the final point I would make is that even if this Court were to look past those problems with this appeal and consider sort of in the first instance the constitutionality of this term of supervised release, as applied in this case, I think it's quite clear that there's no Second Amendment issue here. And I think you can look to the Supreme Court's decision in Rahimi where the Supreme Court said that the Second Amendment does not prevent disarmament of an individual when a court has found that the individual poses a credible threat of danger to others. Let me ask you just another question. Do you have any reason to think that this case would not be covered by the case yesterday that seemed to raise the same issue with the same counsel? Because, you know, we're very strict on following what is decided before by our court. Your Honor, I confess I actually haven't reviewed the brief. I'm not sure which case was argued yesterday. I didn't hear the arguments yesterday. But if there is a prior case, I take it there was an Eastern District case argued yesterday. If that also raises a challenge to the term of supervised release. It was also supervised release. It was also plain error. Less connection between guns and the actual crime. But apart from that. Well, all I would say is that in this case, given the nature of the crime here, a homicide by firearm, it was certainly not an abuse of discretion for the district court to impose this term of supervised release as applied in this case. And so unless there are further questions, we would rest on our briefs. All right. Thank you, Mr. Wright. Ms. Smith, you have two minutes for a vote. I really covered everything initially. So does the court have any further questions? Okay. All right. Thank you very much. We will reserve decision.